Clinton L. Tapper, OSB 084883
R. Scott Taylor, OSB No. 74324
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| Michelle Chamberlain, | Case No.: 6:14-cv-1233 |
|---|---|
| Plaintiff(s), | Breach of Contract<br>Reformation |
| vs. | |
| American Income Life Insurance Company, | Jury Demand |
| Defendant(s). | |

Now here comes Plaintiff Michelle Chamberlain, by and through her attorneys and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an individual domiciled in Douglas County Oregon.

2. Defendant is a Corporation Incorporated in the State of Indiana, with it's primary place of business in Waco TX, licensed to do business in Oregon and Subject to the laws of Oregon.

3. The amount in controversy is over $75,000

4. The principal acts and omissions that form the basis of the Plaintiff's Complaint took place in Douglas County Oregon.

Complaint

Page 1 of 5
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

5. Venue and Jurisdiction are proper in the District Court of the State of Oregon, for the Eugene Division.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. On or about March 13, 2013 Plaintiff and her husband Wallace Edmond Chamberlain III, purchased life insurance policies through American Income Life Insurance.

7. Mr. Chamberlain's policy was specifically described by Defendant as Policy No.: 12034667

8. On or about January 30, 2014, Mr. Chamberlain died.

9. On or about April 11, 2014, Mrs. Chamberlain made a proof of loss pursuant to the terms of the policy.

10. Subsequent to his death, Mr. Chamberlain's policy was reformed by Defendant to designate Mrs. Chamberlain as his primary death benefit beneficiary.

11. On or about June 27, 2014, Defendant accepted coverage in part and denied coverage in part for the benefits due under the policy.

12. Plaintiff has performed all on her part to be performed under the policy.

## FIRST CAUSE OF ACTION : REFORMATION

13. Plaintiff herein re-alleges and reincorporates all above paragraphs.

14. Plaintiff and her husband consulted with an American Income Life Insurance agent, employee and/or authorized representative prior to purchasing the above described policy.

15. Plaintiff and her husband specifically requested a Policy that would pay a "Mortgage Benefit" a benefit that would pay upon either of their deaths, an amount sufficient to pay

Complaint

Page 2 of 5
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

the remaining amount owed on their home mortgage.

16. The American Income Life Insurance agent, employee and/or authorized representative wrote the application with a "mortgage" benefit in the amount of $96,000.

17. Defendant's agent, employee and/or authorized representative advised Plaintiffs that the benefit was available and wrote an application containing such a benefit.

18. The application represented a complete agreement between the parties regarding the insurance benefits.

19. The subsequent policy was written without the promised mortgage benefit.

20. Plaintiff accepted the policy under the mistaken belief that the policy contained the promised coverage as stated in the application.

21. Defendant's agent, employee and/or authorized representative promised the mortgage benefit either under the mistaken belief that such coverage was available, or with intent to defraud the Plaintiff.

22. Plaintiff requests the Court Reform the policy to conform to the prior agreement set out in the application.

23. As a result of Defendant's actions, Plaintiff has been forced to retain an attorney, and incur attorney's fees. Plaintiff is entitled to reimbursement of attorney's fees pursuant to ORS 742.061.

24. Plaintiff is entitled to pre-judgment interest at the rate of 9% per annum from January 31, 2014 until a judgment is rendered in Plaintiffs favor.

## SECOND CAUSE OF ACTION : BREACH OF CONTRACT

25. Plaintiff hereby re-alleges and reincorporates all above paragraphs.

Complaint

Page 3 of 5
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

26. Pursuant to the terms of the Policy issued by Defendant, the contract consists of the application and the policy.

27. The application contained a "mortgage benefit" in the amount of $96,000.

28. Defendant has refused to pay the promised benefit.

29. As a result of the refusal to pay promised benefits, Plaintiff has suffered damages in the amount of $96,000.

30. As a result of the refusal to pay promised benefits, Plaintiff has suffered reasonably foreseeable consequential and non-economic damages including:

    a. Possible loss of her home,

    b. Possible rents and associated damages from the loss of her home,

    c. Fear, anxiety, apprehension and tension related to the loss of her home.

///

///

///

///

///

///

///

///

///

///

///

Complaint

Page 4 of 5
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

31. As a result of Defendant refusal and failure to pay under the policy, Plaintiff has been forced to retain an attorney, and incur attorney's fees. Plaintiff is entitled to reimbursement of attorney's fees pursuant to ORS 742.061.

WHEREFORE, Plaintiff demands Judgment against Defendant as follows;

a. For Economic Damages in the amount of $96,000.00,

b. For Consequential and non-economic damages in an amount to be proven at trial,

c. For pre-judgment interest on all sums at the rate of 9% per annum.

d. For Plaintiffs' reasonable costs, disbursements, and attorney fees against defendant pursuant to ORS 742.061,

e. For any other relief the Court deems just and appropriate.

DATED: 7/31/14

/s/ Clinton L. Tapper
_____
Clinton L. Tapper, of Attorneys for Plaintiff

Complaint

Page 5 of 5
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866